

33 Whitehall St., 17th Floor
New York, NY 10004
T: 212-363-7500
F: 212-363-7171
www.zlk.com

Adam M. Apton
aapton@zlk.com

March 13, 2025

**VIA CM/ECF**
Hon. Edgardo Ramos
United States District Judge
Thurgood Marshall U.S. Courthouse
40 Foley Square
New York, NY 10007

      Re:    *In re Farfetch Limited Securities Litigation*
              Case No. 1:23-cv-10982-ER

Dear Judge Ramos:

Our office represents the plaintiffs in the above-referenced class action securities lawsuit. Having already met and conferred with defense counsel and in accordance with Your Honor's Individual Practice Rules, we respectfully request a pre-motion conference for leave to seek a partial modification of the automatic discovery stay presently in effect pursuant to the Private Securities Litigation Reform Act of 1995, 15 U.S.C. §78u-4(b)(3)(B).

The PSLRA's automatic discovery stay was designed to prevent fishing expeditions in meritless securities cases, not to insulate defendants from legitimate claims while parallel proceedings move forward unfettered. Courts routinely lift the stay where, as here, withholding discovery would create undue prejudice. *See, e.g.*, *In re Bank of Am. Corp. Sec., Derivative, & ERISA Litig.*, No. 09 MDL 2058 (DC), 2009 WL 4796169, at *2 (S.D.N.Y. Nov. 16, 2009) (finding undue prejudice where plaintiffs risk being the "only major interested party without documents forming the core of their proceedings"). Because Farfetch is defunct, Plaintiffs must rely on available insurance to satisfy any judgment, which gives rise to prejudice in light of ongoing parallel liquidation proceedings. To protect against this prejudice, Plaintiffs seek only what has already been or will be produced in the liquidation proceedings—materials that would otherwise be discoverable in this action once the PSLRA stay is lifted. Courts in this District have repeatedly granted similar requests where, as here, the discovery sought is particularized and already collected for production in related matters. *See, e.g.*, *Kaplan v. S.A.C. Cap. Advisors, L.P.*, 947 F. Supp. 2d 368, 370 (S.D.N.Y. 2013) (modifying PSLRA stay for production of documents already provided to government authorities).

Under the PSLRA, "all discovery and other proceedings shall be stayed during the pendency of any motion to dismiss, *unless the court finds upon motion of any party that particularized discovery is necessary to preserve evidence or to prevent undue prejudice to any party*." 15 U.S.C. § 78u-4(b)(3)(B) (emphasis added). As explained below, Plaintiffs meet the exception to the automatic stay thereby justifying the relief we intend to seek, if permitted. *See*



*Waldman v. Wachovia Corp.*, No. 08-cv-02913 (SAS), 2009 WL 86763, at *1 (S.D.N.Y. Jan. 12, 2009) (finding that the PSLRA discovery stay is not absolute and may be lifted "when the request is sufficiently particularized *and* when maintenance of the stay would either generate an impermissible risk of the destruction of evidence or create undue prejudice") (emphasis in original).

Plaintiffs' claims arise from Defendants' alleged false and/or materially misleading statements concerning the liquidity, internal controls, and overall financial and operational strength of Farfetch Limited. Put simply, Defendants told investors that business was strong and that everything was on track to hit their earnings targets for 2023. Then, seemingly overnight, the business imploded. On November 28, 2023, Farfetch told investors that it would not be providing forecasts or guidance going forward and that "prior forecasts or guidance should no longer be relied upon." Complaint (Dkt. No. 34), ¶250. Three weeks later, on December 18, 2023, Farfetch announced its dissolution. According to the press release, Farfetch had agreed to sell all of its assets to Coupang, Inc., leaving the parent company with nothing. Farfetch explicitly told its investors that they "will not recover any of their outstanding investments." *Id*. at ¶¶256-57.

Being that Farfetch was incorporated under the laws of the Cayman Islands, the company's unwinding has progressed under the supervision of a liquidator in the Grand Court of the Cayman Islands, Financial Services Division. According to public filings, the liquidator suspects that Farfetch's management breached fiduciary duties owed to the company and its shareholders and that because of these breaches, abused the company and caused it to fail. *See* Winding-Up Petition, Exhibit A. The liquidator has been investigating the reasons behind Farfetch's implosion for the past year now and, most recently, commenced discovery proceedings here in the United States through the U.S. Bankruptcy Court in the District of Delaware.

The discovery proceedings in Delaware have come to a head. On February 4, 2025, United States Bankruptcy Judge Craig T. Goldblatt entered an order allowing the liquidator to subpoena the entity that ultimately acquired Farfetch's operating assets, Surpique L.P. The subpoena requires Surpique to produce "internal Farfetch email communications and external Farfetch email communications with advisors and third parties" that are relevant to, *inter alia*, Farfetch's cash flows and liquidity position as well as its sale to Coupang, Inc. This includes materials relating to Farfetch's restatement of financials, ultimate collapse, and subsequent strategic alternative efforts (referred to as "Project Athena") that led to the Coupang acquisition. On February 18, 2025, Surpique objected to the subpoena, despite having already produced 16,000 documents. On February 24, 2025, the liquidator filed a motion to compel. *See* Letter Motion to Compel, Exhibit B (containing motion, underlying subpoena, and objections). On March 12, 2025, Judge Goldblatt ruled in favor of the liquidator, holding that Surpique could not rely on Delaware books-and-records inspection law to evade compliance with the subpoena. Thus, Surpique will be producing additional responsive, non-privileged materials in the near future.

Plaintiffs need to receive a copy of whatever discovery the liquidator has already received and/or will receive in the future. There is significant (if not near-identical) overlap between Plaintiffs' claims and the claims being contemplated by the liquidator. Further, with Farfetch dissolved, the company's former Director & Officer Liability insurance policies present the only assets available to satisfy a judgment. Preventing Plaintiffs from obtaining Surpique's response to the liquidator's subpoena would irreparably jeopardize their ability to develop a litigation strategy,

including the pursuit of a viable theory of liability and/or negotiate effectively if and when settlement talks commence. To prevent this prejudice, Plaintiffs seek leave to file a motion to partially lift the PSLRA's discovery stay by allowing them to serve a subpoena on the liquidator for copies of all materials it receives from Surpique.

Plaintiffs' request is supported by the case law. In fact, courts routinely lift the stay where, as here, withholding discovery would create undue prejudice. *See, e.g.*, *In re Bank of Am. Corp. Sec., Derivative, & ERISA Litig.*, 2009 WL 4796169, at *2. Plaintiffs are not seeking expansive discovery; they seek only the documents produced to the liquidator—materials that would otherwise be discoverable in this action once the PSLRA stay is lifted. Courts in this District and elsewhere have repeatedly granted similar requests where the discovery sought is particularized and already collected for production in related matters. *See Kaplan*, 947 F. Supp. 2d at 370; *see also Courter v. CytoDyn, Inc.*, No. C21-5190 BHS, 2022 WL 621535, at *2 (W.D. Wash. Mar. 3, 2022) (finding that plaintiffs adequately specified the particularized discovery because it was "already assembled and produced" and was a "closed universe of materials"); *In re FirstEnergy Corp. Sec. Litig.*, No. 2:20-cv-03785, 2021 WL 2414763, at *3-5 (S.D. Ohio June 14, 2021) (holding that plaintiff's "specific request for already-produced discovery is sufficiently particularized"); *Pension Tr. Fund for Operating Eng'rs v. Assisted Living Concepts, Inc.*, 943 F. Supp. 2d 913, 915 (E.D. Wis. 2013) (agreeing that requested discovery was particularized because the request was "limited solely to relevant materials that have already been produced in other proceedings"); *In re Royal Ahold N.V. Sec. & ERISA Litig.*, 220 F.R.D. 246, 250 (D. Md. 2004) (finding particularity in a request describing a "clearly defined universe of documents" produced to governmental, regulatory, or self-regulatory agencies).

In sum, without the requested relief, Plaintiffs face "'being left with nothing' if this litigation does not keep pace" with the liquidation proceedings. *In re Delphi Corp. Sec. Litig.*, No. 05-mdl-1725, 2007 WL 518626, at *6-8 (E.D. Mich. Feb. 15, 2007) (granting motion for partial modification of discovery stay because of potential for prejudice). Further, the requested discovery is essential to Plaintiffs, particularly as it relates to their ability to make informed decisions regarding pursuing litigation and settlement strategies to benefit the class due to the limited funds available. *See In re LaBranche Sec. Litig.*, 333 F. Supp. 2d 178, 184 (S.D.N.Y. 2004); *see also Bank of Am.*, 2009 WL 4796169, at *3 (finding undue prejudice where "[d]iscovery is moving apace in parallel litigation"). As the Court has not yet ruled on the pending motion to dismiss, it will likely be many months before discovery commences. By that time, the liquidator's proceedings will be significantly advanced and may even be resolved, potentially leaving Plaintiffs without any funds to satisfy a judgment.

Respectfully, Plaintiffs request leave to move for a partial modification of the PLSRA's discovery stay for the purpose of subpoenaing the liquidator for a copy of all materials received from Surpique.[1]

---

[1] Given the subject matter of the materials requested, Plaintiffs anticipate seeking leave to amend the pleadings if/when the materials are received. This would necessarily render moot Defendants' pending motion to dismiss. Plaintiffs reserve the right to seek leave to amend the pleadings as additional information is received through the bankruptcy proceedings.



Respectfully,

*/s/ Adam M. Apton*
Partner

Encls.

CC:     All counsel of record (*via CM/ECF*)