**Jason C. Hegt**
+1.212.906.1686
Jason.Hegt@lw.com

1271 Avenue of the Americas
New York, New York  10020-1401
Tel: +1.212.906.1200  Fax: +1.212.751.4864
www.lw.com

# LATHAM&WATKINS LLP

April 7, 2025

**VIA CM/ECF**

The Honorable Edgardo Ramos
U.S. District Court for the Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square
New York, New York 10007

> Re:    *In re Farfetch Ltd. Sec. Litig.*, No. 1:23-cv-10982-ER

Dear Judge Ramos:

On behalf of Individual Defendants José Neves, Elliot Jordan, and Stephanie Phair, we write in response to Plaintiffs' request for a pre-motion conference to lift the automatic stay of discovery under the Private Securities Litigation Reform Act of 1995 ("PSLRA"). *See* ECF No. 52. In their letter, Plaintiffs seek leave to obtain "whatever discovery" the Joint Official Liquidators ("JOLs") in Farfetch Ltd.'s ("Farfetch") Cayman Islands liquidation proceedings "has already" obtained "or will" obtain from Surpique LP, the entity that acquired Farfetch's operating subsidiaries before Farfetch itself was liquidated. *Id.* at 1-2. According to Plaintiffs, this discovery is necessary to "develop a litigation strategy, including the pursuit of a viable theory of liability and/or negotiate effectively if and when settlement talks commence." *Id.* at 2-3. Plaintiffs do not come close to showing any "exceptional circumstances" that would justify lifting the stay, *Jiang v. Chirico*, 2024 WL 3104817, at *5 (S.D.N.Y. June 24, 2024), and their request should be denied.

This action was filed in October 2023. ECF Nos. 1, 23. In February 2024, the Court entered a stipulated schedule that required Plaintiffs to file a consolidated amended complaint by April 8, 2024. ECF No. 29. Plaintiffs then requested, and received, a two-month extension to see if they could find a claim in upcoming disclosures to be made by Surpique's parent company. *See* ECF No. 31. Finding nothing, Plaintiffs requested another extension the day before their complaint was due, ECF No. 33, and finally filed their amended complaint on June 21, 2024, ECF No. 34. Still hoping a claim would materialize elsewhere, Plaintiffs tried to stall again by insisting upon "clarification" from a Delaware bankruptcy court that this case could proceed, even though all relevant parties agreed that it could. *See* ECF No. 40, 42.

In September 2024, the Individual Defendants filed a motion to dismiss Plaintiffs' amended complaint, which was fully briefed as of December 2024. As set forth in that motion, Plaintiffs have no claim. Their kitchen-sink complaint challenges statements about more than a dozen unrelated topics going back almost two years but fails to allege anything showing those statements were actionably false or that any Defendant acted with the requisite fraudulent intent. *See* ECF Nos. 44, 50. In requesting to lift the discovery stay, Plaintiffs all but concede that their amended complaint does not state a claim. ECF No. 52 at 3 n.1 ("Plaintiffs anticipate seeking leave to amend the pleadings if/when the materials are received.").

1

LATHAM&WATKINS LLP

## I.   PLAINTIFFS' REQUEST TO LIFT THE PSLRA STAY SHOULD BE DENIED

The PSLRA creates a "strong presumption" that "*no* discovery" should take place until a court has found that a complaint states a claim, and courts may only lift the PSLRA discovery stay where "particularized discovery is necessary to preserve evidence or to prevent undue prejudice." *Podany v. Robertson Stephens, Inc.*, 350 F. Supp. 2d 375, 378 (S.D.N.Y. 2004); 15 U.S.C. § 78u-4(b)(3).  Because Plaintiffs do not raise any evidence preservation arguments, the key "question before the Court is whether Plaintiffs will suffer 'undue prejudice' if discovery is stayed until the outcome of . . . Defendants' motion[] to dismiss." *380544 Canada, Inc. v. Aspen Tech., Inc.*, 2007 WL 2049738, at *1 (S.D.N.Y. July 18, 2007).  Plaintiffs fail to make that showing.

*__No Undue Prejudice.__  First*, Plaintiffs assert they need documents that may be given to the JOLs so that Plaintiffs can find a "viable theory of liability" and that they "anticipate seeking leave to amend the pleadings if/when the materials are received."  ECF No. 52, at 3 & n.1.  But Plaintiffs' desire to rummage around for a "viable" theory is precisely what Congress sought to prevent when adopting the PSLRA automatic stay.  *See Podany*, 350 F. Supp. at 378 ("[D]iscovery is authorized solely for parties to develop the facts in a lawsuit in which a plaintiff has stated a legally cognizable claim, not in order to permit a plaintiff to find out whether he has such a claim . . . . such a request is even more plainly without merit in cases covered by the PSLRA."); *Faulkner v. Verizon Commc'ns, Inc.*, 156 F. Supp. 2d 384, 402-03 (S.D.N.Y. 2001) (same).

*Second*, Plaintiffs claim that "whatever discovery" may be produced to the JOLs is necessary to "make informed decisions regarding pursuing litigation and settlement strategies." ECF No. 52, at 2-3.  Again, however, courts in this Circuit have consistently held that an "inability to gather evidence for settlement negotiations or to plan a litigation strategy is not evidence of undue prejudice" sufficient to lift the PSLRA stay.  *In re Refco, Inc.*, 2006 WL 2337212, at *2 (S.D.N.Y. Aug. 8, 2006); *see also, e.g.*, *In re Lottery.com, Inc. Sec. Litig.*, 2024 WL 5226400, at *2 (S.D.N.Y. Dec. 26, 2024) (claiming to "need [] information for settlement discussions" does not constitute undue prejudice); *In re AOL Time Warner, Inc. Sec.*, 2003 WL 21729842, at *1 (S.D.N.Y. July 25, 2003) (same).[1]  That is especially true where, as here, Plaintiffs acknowledge no claims have even been filed by the JOLs, let alone that there are any ongoing discussions to settle those theoretical claims.  *See* ECF No. 52, at 3.

---

[1] In all but one of Plaintiffs' cited cases where courts permitted discovery, defendants had **already** settled with parties in parallel actions, were facing insolvency under "rapidly" changing conditions, there was a concrete risk of evidence being tampered with or lost, and/or the case involved claims not subject to the PSLRA.  *See Waldman v. Wachovia Corp.*, 2009 WL 86763, at *2 (S.D.N.Y. Jan. 12, 2009) (prior settlement(s)); *In re LaBranche Sec. Litig.*, 333 F. Supp. 2d 178, 181, 183-84 (S.D.N.Y. 2004) (same); *In re Delphi Corp.*, 2007 WL 518626, at *7 (E.D. Mich. Feb. 15, 2007) (same); *Kaplan v. S.A.C. Cap. Advisors, L.P.*, 40 F. Supp. 3d 332, 337 (S.D.N.Y. 2014) (same); *Courter v. CytoDyn, Inc.*, 2022 WL 621535, at *3 (W.D. Wash. Mar. 3, 2022) ("rapidly changing" solvency); *In re FirstEnergy Corp. Sec. Litig.*, 2021 WL 2414763, at *6 (S.D. Ohio June 14, 2021) (concerns of witness tampering); *Pension Tr. Fund for Operating Eng'rs v. Assisted Living Concepts, Inc.*, 943 F. Supp. 2d 913, 916 (E.D. Wis. 2013) ("rapidly shifting" landscape with pending acquisition when company was "in the midst of being acquired by a private equity group, [] being federally investigated by the SEC, and [] facing other lawsuits"); *In re Royal Ahold N.V. Sec. & Erisa Litig.*, 220 F.R.D. 246, 251 (D. Md. 2004) ("concerns about evidentiary loss"); *In re Bank of Am. Corp. Sec., Derivative, & ERISA Litig.*, 2009 WL 4796169, at *3 (S.D.N.Y. Nov. 16, 2009) (consolidated action included "ERISA and derivative actions, as to which the PSLRA stay d[id] not apply").  No such circumstances exist here.

LATHAM&WATKINS LLP

*Third*, Plaintiffs say they will be unduly prejudiced because "the liquidator's proceedings will be significantly advanced" by the time the pending motion to dismiss is resolved. *Id.* But Plaintiffs offer no basis to believe this case will survive a motion to dismiss and, in any event, the JOLs have not filed a lawsuit against anyone, so there is nothing for this case to be behind. *See Chirico*, 2024 WL 3104817, at *8 ("[M]ere speculation about highly contingent possibilities of future prejudice does not demonstrate that lifting the PSLRA discovery stay is necessary to prevent undue prejudice.") (cleaned up); *see also Refco*, 2006 WL 2337212, at *8-9 (If stay "were lifted every time a third party, not subject to the stay, was engaged in settlement discussions with defendant, then the 'undue prejudice' provision would essentially eviscerate the stay requirement. That is not what Congress intended").

*Fourth*, Plaintiffs contend they will suffer undue prejudice because Farfetch's "former Director & Officer Liability insurance policies present the only assets available to satisfy a judgment," and they fear being left "without any funds." ECF No. 52, at 2-3. But Plaintiffs' misplaced concern regarding an alleged limited pool of insurance funds likewise does not amount to "undue prejudice" that would justify lifting the stay. *See Chirico*, 2024 WL 3104817, at *7 (noting that even if "Plaintiffs may well be in competition with plaintiffs in the [parallel] Actions for a limited pool of funds," that did not constitute "'undue prejudice' under the PSLRA"). In any event, the Individual Defendants do not expect that the hypothetical claims the JOLs might bring would be covered by the same insurance policies relevant to this action because of the disparate time periods and allegations in each matter.

**<u>No Particularized Showing.</u>** A request to lift the stay is insufficiently particularized if it is not limited to issues relevant to the claims before the Court. *See Lottery.com*, 2024 WL 5226400, at *2. Plaintiffs' request for "a copy of whatever discovery the liquidator has already received and/or will receive in the future," ECF No. 52, at 2,[2] is the type of blanket request that courts routinely reject. *See, e.g., Faulkner*, 156 F. Supp. 2d at 405 (denying request for "all documents already produced or to be produced in the future"). Although the scope of any discovery that the JOLs might receive remains unknown, the sheer breadth of the JOLs' requests—which include things like "the complete server" holding Farfetch records and all "corporate records, meeting minutes, notes" and other materials about Farfetch—are in no way "particularized" to the claims at issue in this action.[3] This comes nowhere close to the particularized showing required. *See Faulkner*, 156 F. Supp. 2d at 404.

At bottom, the claims in this case are without merit—as Plaintiff now concedes—and there is no reason to allow Plaintiffs to drag this out by fishing through irrelevant documents to see if they can finally find a "viable" theory.

---

[2] Plaintiff first requests "a copy of *whatever* discovery" the JOLs have or will receive, ECF No. 52, at 2 (emphasis added), but then appears to limit this to documents "received from Surpique." *Id.* at 3. However, to the extent Plaintiff seeks documents produced by any party other than Surpique, the request is even less tailored to the issues in this case.
[3] *See* ECF No. 15-3, at 19-28. Plaintiffs assert that there is "significant (if not near-identical) overlap between Plaintiffs' claims and the claims being contemplated by the liquidator." ECF No. 52, at 2. Not so. The JOLs' inquiry centers on the sale of Farfetch's business to Surpique in December 2023. *See* ECF No. 15-1, at 7 ¶ 20; *id.* at 11 ¶ 39. Here, Plaintiffs do not allege anything improper about that sale and challenge statements related to Farfetch's business operations during earlier periods (*i.e.*, February 24, 2022, to August 17, 2023). *See* ECF No. 34 ¶¶ 284-454.

April 7, 2025
Page 4

**LATHAM & WATKINS** LLP

Respectfully submitted,

*/s/ Jason C. Hegt*
Jason C. Hegt
of LATHAM & WATKINS LLP

cc:  All counsel of record (via ECF)

**LATHAM & WATKINS** LLP

4