

33 Whitehall St., 17th Floor
New York, NY 10004
T: 212-363-7500
F: 212-363-7171
www.zlk.com

Adam M. Apton
aapton@zlk.com

April 8, 2025

**VIA CM/ECF**
Hon. Edgardo Ramos
United States District Judge
Thurgood Marshall U.S. Courthouse
40 Foley Square
New York, NY 10007

   Re:  *In re Farfetch Limited Securities Litigation*
       Case No. 1:23-cv-10982-ER

Dear Judge Ramos:

On behalf of Co-Lead Plaintiffs Fernando Sulichin and Yuanzhe Fu, we write in response to the Foreign Representatives' letter filed April 1, 2025 (Dkt. No. 56), concerning our pending request to seek a partial modification of the automatic discovery stay.

The Foreign Representatives "do not take a position on whether the PSLRA stay in general should remain in place" yet state that, "to the extent lifting the PSLRA stay results in Plaintiff serving a subpoena on the Foreign Representatives," they request that the Court not grant such a discovery request because "such action is clearly and specifically prohibited" by the recognition order issued in the Delaware bankruptcy case. *Id*. at 1-2; *see also id*. 3-7.

For the reasons set forth in our opening letter, Co-Lead Plaintiffs meet the criteria for an exception to the automatic PSLRA stay. *See* Dkt. No. 52. But if the Court were to find that the subpoena directed at the liquidator would violate the Delaware recognition order in any way, it should not deprive Co-Lead Plaintiffs of the ultimate relief sought. The Court should still modify the discovery stay by granting Co-Lead Plaintiffs leave to serve a subpoena on Surpique L.P. (the entity that ultimately acquired Farfetch's operating assets), rather than the liquidator. Because Surpique is producing the documents received by the liquidator, receipt of the documents from Surpique would equally satisfy Co-Lead Plaintiffs' request and would not implicate the Recognition Order.

Defendants have also responded to Co-Lead Plaintiffs' request. In their letter dated April 7, 2025, they notably do not argue (and therefore concede) that the request for discovery would impose a burden on them. *See* Dkt. No. 57. Without any prospect of burden, it is abundantly clear why Defendants are opposing Co-Lead Plaintiffs' request: to keep incriminating information out of the record. In truth, Defendants have no standing to oppose Co-Lead Plaintiffs' request because the requested subpoena would be directed to a third-party, *i.e.*, Surpique L.P. *See*, *e.g.*, *City of Almaty v. Ablyazov*, No. 1:15-CV-05345 (AJN) (KHP), 2020 U.S. Dist. LEXIS 40407, at *3-4



(S.D.N.Y. Mar. 9, 2020) ("As a general matter, only recipients of a subpoena have standing to seek a protective order quashing or modifying the subpoena.").

Defendants also fail to address the urgency behind Co-Lead Plaintiffs' request. Surpique Holdings Limited (which owns Surpique) is about to be dissolved. According to the United Kingdom's Companies House (which is akin to the Division of Corporations for New York or Delaware), on April 15, 2025, official warning will be issued in the Gazette (an official publication in the United Kingdom) stating that: "unless cause is shown to the contrary, [Surpique Holdings Limited] will be struck off the register and dissolved not less than 2 months from the date shown above." Importantly, the notice further warns that "Upon [Surpique Holdings Limited's] dissolution, all property and rights vested in, or held in trust for, [Surpique Holdings Limited] are deemed to be bona vacantia, and will belong to the Crown." *See* First Gazette Notice, attached hereto as Exhibit C. Thus, absent the requested relief, Co-Lead Plaintiffs may never be able to obtain the information sought if/when the PSLRA's discovery stay is lifted in ordinary course, *i.e.*, post-motion to dismiss.

"The PSLRA is a shield intended to protect security-fraud defendants from costly discovery requirements, not to be a sword with which defendants can destroy the plaintiffs' ability to obtain information from third parties who are otherwise willing to disclose it." *In re Flir Sys., Inc. Sec. Litig.*, No. 00-360-HA, 2000 U.S. Dist. LEXIS 19391, at *8-9 (D. Or. Dec. 13, 2000) (internal citations omitted). Defendants' arguments subvert this principle and, on that basis, their arguments against Co-Lead Plaintiffs' request should be rejected.

Respectfully,

*/s/ Adam M. Apton*
Partner

Encls.

CC:      All counsel of record (*via CM/ECF*)