# EXHIBIT 5

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 15 |
| Farfetch Limited (in Official Liquidation), | Case No. 24-11519 |
| Debtor in a Foreign Proceeding. | |

## DECLARATION OF MARK GOODMAN IN SUPPORT OF VERIFIED PETITION UNDER CHAPTER 15 FOR ORDER AND FINAL DECREE GRANTING RECOGNITION OF FOREIGN MAIN PROCEEDING AND OTHER RELATED RELIEF

Mark Goodman hereby declares as follows:

1. I am a partner of Campbells LLP ("**Campbells**"), a Cayman Islands law firm. Campbells advises financial, institutional and business clients worldwide of the laws of the Cayman Islands, Hong Kong and the British Virgin Islands. I practice law in the Cayman Islands and I advise on the laws of the Cayman Islands.

2. My practice in the Cayman Islands primarily involves contentious and non-contentious insolvency and restructuring, with a focus on the financial services sector and international groups of companies. I have considerable experience in the liquidation of Cayman Islands companies. I am a member of INSOL International, the American Bankruptcy Institute and the International Insolvency Institute.

3. I was admitted as a solicitor of the Supreme Court of England and Wales in 2004. I have been admitted as an attorney at law in the Cayman Islands since 2008 and a solicitor of the British Virgin Islands since 2014. I hold higher rights of audience in the superior courts of England and Wales, and am an accredited mediator.

4. I have acted for official liquidators of numerous Cayman Islands companies and frequently appear as an advocate before the Grand Court of the Cayman Islands (the "**Grand**

**Court**") in insolvency proceedings. As a practicing Cayman Islands attorney, I am competent to testify with respect to the Cayman legal matters discussed herein, which are well within my experience. I have previously provided expert evidence of Cayman Islands insolvency law to the United States Bankruptcy Court for the Southern District of New York, among other courts.

5.        Campbells represents Alexander Lawson and Christopher Kennedy of Alvarez & Marsal Cayman Islands Limited (the "**Petitioners**") in their capacities as Joint Official Liquidators of Farfetch Limited (in Official Liquidation) (the "**Company**"), who are foreign representatives in a Cayman Islands foreign proceeding[1] (the "**Cayman Proceeding**"), pending before the Grand Court of the Cayman Islands (Financial Services Division) (the "**Cayman Court**"). I am the lead partner at my firm dealing with the case.

6.        I submit this declaration (this "**Declaration**") in support of the *Verified Petition of Foreign Representatives for (i) Recognition of the Foreign Main Proceeding, (ii) Recognition of the Foreign Representatives, and (iii) Certain Related Relief* (the "**Verified Petition**")[2]. [ECF No. 4].

7.        I have read the *Declaration of Christopher Kennedy in Support of Chapter 15 Petition for Recognition as Foreign Main Proceeding* (the "**Kennedy Declaration**"). I rely on the Kennedy Declaration for the factual background relevant to the views which I express in this Declaration.

8.        Copies of the statutory provisions of Cayman Islands law and decisions of the Cayman Islands and English Courts cited in this Declaration are attached hereto as Exhibit 1

---

[1] The Petitioners are Joint Official Liquidators of a liquidation under Section 92(d) of the Companies Act (2023 Revision) (the "**Companies Act**").

[2] Capitalized terms used but not otherwise defined herein shall have the meanings given to them in the Verified Petition.

(Cayman Companies Act (2023 Revision)), Exhibit 2 (Companies Winding Up Rules (2023 Consolidation)), and Exhibit 3 (Insolvency Practitioners' Regulations (2023 Consolidation)).

9.      I am over the age of 18 and, if called to testify, would testify competently to the facts set forth herein.

### Cayman Islands Legal System

10.      I set out below a brief overview of the Cayman Islands legal system.

11.      The Cayman Islands is a British Overseas Territory and a distinct legal jurisdiction. The courts of the Cayman Islands administer justice in accordance with local statutes, subordinate legislation, statutes passed by the parliament of the United Kingdom that have been expressly extended to the Cayman Islands, orders of His Majesty's Privy Council applicable in the Cayman Islands, and principles of common law.

12.      The Grand Court is the court of first instance for insolvency matters, with appeals lying to the Cayman Islands Court of Appeal (the "**Court of Appeal**"), and finally to His Majesty's Judicial Committee of the Privy Council in London (the "**Privy Council**").

13.      The doctrine of judicial precedent applies in the Cayman Islands. The structure of the court system is hierarchical, with the courts being bound by the *rationes decidendi* of decisions of the courts above. The *rationes decidendi* of decisions of the Privy Council are therefore binding on the Court of Appeal and the Grand Court. The *rationes decidendi* of decisions of the Court of Appeal are similarly binding on the Grand Court. The Grand Court will generally follow the *rationes decidendi* of its previous decisions, unless satisfied that they are clearly wrong.

14.      There is a comparatively small body of reported case law in the Cayman Islands, contained in the Cayman Islands Law Reports ("**CILR**"). In the absence of binding Cayman Islands case law, the Cayman Islands Courts will look to English authorities, which are highly persuasive,

but not binding. As a general rule, the Cayman Islands courts follow English authorities to the extent that they are not inconsistent with either Cayman Islands statutory provisions or Cayman Islands authorities, and to the extent that they do not relate to English statutory provisions which have no equivalent in the Cayman Islands. Decisions of courts in other Commonwealth jurisdictions are also of persuasive but not binding authority.

### Cayman Islands Companies

15.     Cayman Islands companies are incorporated pursuant to the Companies Act.[3] All companies must maintain registered offices in the Cayman Islands to which all communications and notices may be addressed or served,[4] and where matters such as the administration of annual filings and the payment of annual fees with the Cayman Islands Registrar of Companies are usually dealt with. Cayman Islands companies are also required to maintain statutory registers of members (i.e. shareholders), mortgages and charges, and directors.[5]

16.     Various types of companies may be incorporated under the Companies Act, but the vast majority of companies are incorporated as exempted companies under Part VII of the Companies Act. Farfetch Limited is an exempted company.

17.     The principal distinction between "exempted" and "ordinary" companies is that, pursuant to section 174, an exempted company is prohibited from trading in the Cayman Islands except in furtherance of its business outside the Cayman Islands.[6] Section 174 clarifies that it is not to be construed so as to prevent the exempted company from effecting and concluding contracts in

---

[3] References to section numbers in this Declaration are references to sections of the Companies Act (2023 Revision) unless otherwise specified.

[4] Sections 50(1) and 70.

[5] Sections 40, 54 and 55 respectively.

[6] Sections 163 and 165 refer to the requirements that the objects and operations are to be conducted mainly outside the Cayman Islands.

the Cayman Islands and exercising in the Cayman Islands all of its powers necessary for the carrying on of its business outside the Cayman Islands. An exempted company can therefore, for example, maintain premises and employ staff and appoint directors and other agents who are residents in the Cayman Islands, in furtherance of the company's business outside the Cayman Islands.

18. In any event, as I explain below, these restrictions cease to have any practical relevance in an official liquidation of an exempted company, such as the official liquidation of the Foreign Debtor, where the official liquidators are given the powers necessary to conduct the company's winding up.

### Insolvency Proceeding in Respect of Cayman Islands Companies

19. Part V of the Companies Act governs the winding up of companies in the Cayman Islands. Part V applies to companies formed and registered under the Companies Act (including exempted companies such as Farfetch Limited) or its predecessors, and to certain foreign companies.[7]

20. Part V is supplemented by the following rules and regulations made pursuant to section 155: the Companies Winding Up Rules 2018 (as amended) ("**CWR**"), the Insolvency Practitioners' Regulations 2018 (as amended) (the "**IPR**") and the Foreign Bankruptcy Proceedings (International Cooperation) Rules 2018.

21. A company may be wound up in one of three ways: (i) compulsorily by order of the Grand Court, (ii) voluntarily, or (iii) under the supervision of the Grand Court.[8] Neither voluntary nor court supervised liquidations are of any relevance in this case.

---

[7] Section 91.

[8] Section 90.

**Official Liquidation Proceeding**

22.     As noted in the Kennedy Declaration, the Petitioners were appointed by a compulsory Order of the Grand Court dated February 9, 2024 (the "**Winding Up Order**"). As Joint Official Liquidators appointed by the Cayman Court, the Petitioners may exercise such powers as are conferred by the Companies Act and the Order appointing them (see Section 110) and they are specifically authorized pursuant to paragraph 5 of the Winding Up Order to file this Chapter 15 Petition in order to obtain recognition in the United States, and to take any actions as may be necessary or desirable in order to do so.

23.     The compulsory liquidation of a Cayman Islands company is carried out by the Grand Court, pursuant to certain statutory mechanisms set out in the Companies Act. A Cayman Islands company may be compulsorily wound up by the Grand Court if:[9] (a) the company has passed a special resolution requiring the company to by wound up by the Court; (b) the company has not commenced business within a year from its incorporation, or suspends its business for a whole year; (c) the period, if any, fixed for the duration of the company by the articles of association expires, or whenever the event, if any, occurs, upon the occurrence of which it is provided by the articles of association that the company is to be wound up; (d) the company is unable to pay its debts, or (e) the court is of the opinion that it is just and equitable that the company be wound up.

24.     Farfetch Limited entered into liquidation as a result of its inability to pay its debts as they fell due, following the presentation of an involuntary petition by Wilmington Trust, National Association, in its capacity as Trustee for the holders of certain Notes issued by Farfetch Limited.

---

[9] Section 92.

6

25.     A general principle underlying the Cayman Islands' insolvency regime is that the claims of investors and creditors within the same class are treated on a *pari passu* basis.[10]

26.     Section 97(1) provides that upon the entry of a winding up order, no suit or other proceeding may be commenced or continued against the company except with leave of the Grand Court and subject to such terms as the Grand Court may impose. This automatic stay, similar to the automatic stay provided for in the United States Bankruptcy Code, serves to promote the Petitioners' ability to deal with the claims of creditors collectively and comprehensively.

27.     In my experience, Cayman Islands liquidation proceedings are fair and equitable. All creditors and interest holders have an opportunity to be heard by the Cayman Court and no creditor will be prejudiced because it may be foreign-based.

**The Petitioners**

28.     The Petitioners are fiduciaries and officers of the Grand Court. As Joint Official Liquidators of Farfetch Limited, their duties are to: (a) collect, realize and distribute the assets of Farfetch Limited to its creditors and, if there is a surplus, to equity holders; and (b) report to Farfetch Limited's creditors and other stakeholders upon the affairs of Farfetch Limited and the manner in which it is being wound up.[11]

29.     Schedule 3, Part I to the Companies Act sets out the powers that the Liquidators may exercise with the sanction of the Grand Court. They are:

    a.  Power to bring or defend any action or other legal proceeding in the name and on behalf of the company.

---

[10] Section 140.

[11] Section 110 of the Companies Act.

7

b.  Power to carry on the business of the company so far as may be necessary for its beneficial winding up.

c.  Power to dispose of any property of the company to a person who is or was related to the company.

d.  Power to pay any class of creditors in full.

e.  Power to make any compromise or arrangement with creditors or persons claiming to be creditors or having or alleging themselves to have any claim (present or future, certain or contingent, ascertained or sounding only in damages) against the company or for which the company may be rendered liable.

f.  Power to compromise on such terms as may be agreed all debts and liabilities capable of resulting in debts, and all claims (present or future, certain or contingent, ascertained or sounding only in damages) subsisting, or supposed to subsist between the company and a contributory or alleged contributory or other debtor or person apprehending liability to the company.

g.  Power to deal with all questions in any way relating to or affecting the assets or the winding up of the company, to take any security for the discharge of any such call, debt, liability or claim and to give a complete discharge in respect of it.

h.  The power to sell any of the company's property by public auction or private contract with power to transfer the whole of it to any person or to sell the same in parcels.

i.  The power to raise or borrow money and grant securities therefor over the property of the company.

j. The power to engage staff (whether or not as employees of the company) to assist them in the performance of his functions.

k. The power to engage attorneys and other professionally qualified persons to assist them in the performance of their functions.

30. Schedule 4, Part II of the Companies Act further provides that the Petitioners are permitted to exercise the following powers without the Grand Court's sanction:

a. The power to take possession of, collect and enter the property of the company and for that purpose to take all such proceedings as they consider necessary.

b. The power to do all acts and execute, in the name and on behalf of the company, all deeds, receipts and other documents and for that purpose to use, when necessary, the company seal.

c. The power to prove, rank and claim in the bankruptcy, insolvency or sequestration of any contributory for any balance against his estate, and to receive dividends in the bankruptcy, insolvency or sequestration in respect of that balance, as a separate debt due from the bankrupt or insolvent and rateably with the other separate creditors.

d. The power to draw, accept, make and indorse any bill of exchange or promissory note in the name and on behalf of the company, with the same effect with the respect of the company's liability as if the bill or note had been drawn, accepted, made or indorsed by or on behalf of the company in the course of its business.

e. The power to promote a scheme of arrangement pursuant to section 86.

f. The power to convene meetings of creditors and contributories.

g. The power to do all other things incidental to the exercise of their powers.

31.     As set out in the Winding Up Order and above, the Petitioners have been authorized to seek recognition of their appointment in the United States by means of the chapter 15 Petition without further sanction from the Cayman Court. The Petitioners are also empowered and required to investigate: (i) the causes for the failure of Farfetch Limited's business; and (ii) generally, the promotion, business dealings and affairs of Farfetch Limited.[12]

### The Cayman Proceeding as a "foreign proceeding"

32.     I am advised by U.S. Counsel that "foreign proceeding" is defined in section 101(23) of the Bankruptcy Code to mean:

> *"... a collective judicial or administrative proceeding in a foreign country, including an interim proceeding, under a law relating to insolvency or adjustment of debt in which proceeding the assets and affairs of the Debtors are subject to control or supervision by a foreign court, for the purpose of reorganization or liquidation"* 11 U.S.C. § 101(23).

33.     Although the application of section 101(23) of the Bankruptcy Code is ultimately a question of applicable United States law on which I am not qualified to opine, based on my reading of the language of the section, I believe that the Cayman Islands official liquidation proceedings would fall within it. They are collective judicial proceedings, in the Cayman Islands, governed by the Cayman Islands statute applicable to corporate insolvencies, in which the Foreign Debtor's assets and affairs are subject to the supervision of the Grand Court, for the purpose of liquidation, pursuant to the Winding Up Order made by the Cayman Court.

### The Joint Official Liquidators as "foreign representatives"

34.     I am also advised by U.S. Counsel that "foreign representative" is defined in section 101(24) of the Bankruptcy Code to mean:

---

[12] Section 102 of the Companies Act.

10

[A] person or body appointed on an interim basis, authorized in a foreign proceeding to administer the reorganization or the liquidation of the debtor's assets or affairs or to act as a representative of such foreign proceeding.

35. Again, the application of section 101(24) is ultimately a question of applicable United States law on which I am not qualified to opine, but in my view the Petitioners constitute "foreign representatives" based on a plain reading of the language of the section. They have been appointed by the Grand Court to administer the liquidation of the Foreign Debtor's assets and affairs, and they have been authorized by the order appointing them to (among other matters) seek recognition under Chapter 15 of the Bankruptcy Code.

**Factors relevant to the determination of COMI**

36. I am advised by U.S. Counsel that certain other provisions of Cayman Islands law may be relevant to the determination of the center of main interests ("**COMI**") of the Foreign Debtor under section 1517 of the Bankruptcy Code. I set out below an overview of Cayman Islands law and practice which may be relevant to the determination of this question. Again, I note that my statement of facts below is based on the Kennedy Declaration.

37. The Foreign Debtor was incorporated as an exempted company limited by shares in accordance with the laws of the Cayman Islands. The Foreign Debtor's registered address is Alvarez & Marsal Cayman Islands Limited, Flagship Building, PO Box 2507, 2nd Floor, 142 Seafarers Way, George Town, Grand Cayman KY1-1104, Cayman Islands, and was previously Walkers Corporate Limited, 190 Elgin Avenue, George Town, Grand Cayman, Cayman Islands.

38. As noted above, the restriction on the carrying on of an exempted company's business inside the Cayman Islands, only in support of its business outside the Cayman Islands, does not have any practical effect in the context of the liquidation of that company by official liquidators appointed by the Grand Court. Official liquidators are empowered and required to take control of

11

all of the company's affairs in order to realize its assets and repay its creditors (and, if there is a surplus of assets, distribute them to its shareholders). As set out above, they are granted all powers necessary for them to do so (in some cases, subject to sanction of the Cayman Court). There are no restrictions on them exercising those powers in the Cayman Islands, and their exercise of those powers is at all times subject to the supervision of the Cayman Court. In all cases, at least one official liquidator of any Cayman Islands company must be resident in the Cayman Islands.[13]

39.     Farfetch Limited has had a presence in the Cayman Islands from its incorporation, for example the location of its registered office, as noted above. Following the commencement of the official liquidation, the liquidation of the Foreign Debtor has been conducted from the Cayman Islands, and all of the affairs of the Foreign Debtor have been managed from the Cayman Islands by the Petitioners, who are both residents of the Cayman Islands.

40.     The Petitioners are further required to report to the Grand Court and Farfetch Limited's stakeholders as to the conduct of the liquidation. A first report was produced and filed with the Grand Court on April 12, 2024.

41.     As noted above, the Petitioners' conduct of the provisional liquidation is subject to the supervision of the Grand Court. The Petitioners were granted sanction to file this Petition by the Cayman Court under the terms of the Winding Up Order, but would require the express sanction of the Grand Court to take any further steps to exercise any of the powers set out in paragraph 30 above. Other matters have been reported to the Grand Court in the Petitioners' first report (and will be reported in subsequent reports), in affidavits and in letters to the Grand Court. The Petitioners' remuneration is also subject to the Grand Court's approval.

---

[13] Regulations 5(1)(b) and 8(1) of the IPR.

42.     As a consequence of the appointment of the Petitioners as joint official liquidators, the management of the Foreign Debtor's business has therefore been conducted from the Cayman Islands in respect of the matters referred to above.

IN WITNESS WHEREOF, I have executed this Declaration under penalty of perjury under the laws of the United States of America this 10th day of July, 2024.

By: */s/   Mark Goodman*
Mark Goodman