**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| IN RE FARFETCH LIMITED SECURITIES LITIGATION | Case No.: 1:23-cv-10982-ER-KHP [rel 1:24-cv-00532-ER] |
| | **DECLARATION OF JOSHUA GREENBLATT IN OPPOSITION TO PLAINTIFFS' MOTION TO MODIFY THE PSLRA DISCOVERY STAY** |
| THIS DOCUMENT RELATES TO: | |
| *ALL ACTIONS* | |

I, Joshua Greenblatt, declare, under penalty of perjury, pursuant to 28 U.S.C. § 1746, that the following is true and correct:

1. I am a partner at the law firm Kirkland & Ellis LLP, 601 Lexington Avenue, New York, New York 10022, and counsel for Non-Party Surpique L.P. ("Surpique"). I have personal knowledge of the matters stated in this Declaration and, if called upon, could competently testify thereto.

2. I submit this Declaration in support of Surpique's Opposition to Plaintiffs' Motion to Modify the PSLRA Discovery Stay.

3. To date, Surpique has produced a total of 269 documents to the Joint Official Liquidators (the "JOLs"), who have been recognized as Foreign Representatives in the Chapter 15 ancillary proceedings in the United States Bankruptcy Court for the District of Delaware. These documents consist primarily of Farfetch Limited's core books and records, and do not include any emails or custodial files.

4. Surpique and the JOLs are currently negotiating the scope of a full custodial document production in response to the JOLs' Rule 2004 subpoena. Although negotiations are ongoing,

the most recent version of the search protocol exchanged between the parties yields a population of well over 100,000 documents.

5. Because the final search protocol remains pending, Surpique and the JOLs have not yet discussed a timeline for production, and Surpique has not reviewed any custodial documents for production in response to the JOLs' requests. Given the complexities of the review, the production is unlikely to be complete before mid-to-late summer.

6. On April 29, 2025, Plaintiffs contacted Surpique's counsel two days before filing the Motion for the sole purpose of providing notice that a filing was imminent and that they would share a copy *after* the filing. Plaintiffs have never substantively conferred with Surpique.

7. Surpique undertakes that, for a period of three years, it will preserve whatever documents it produces to the JOLs in response to the Rule 2004 subpoena. Surpique is willing to revisit its ongoing preservation of those documents in three years if Plaintiffs' claims in the above-captioned case remain pending.

8. Surpique Holdings Limited ("Surpique Holdings") had a compulsory dissolution proceeding commenced against it on April 15, 2025 because Surpique Holdings inadvertently missed as statutory filing deadline.

9. Surpique Holdings submitted its filing on May 2, 2025, and on May 3, 2025, the compulsory dissolution proceeding was discontinued.

10. To date, Surpique and Surpique Holdings are solvent.

11. To date, Coupang, Inc. is solvent and not at any risk of insolvency.

12. Both Surpique and Defendant Farfetch Limited, through the JOLs, possess the virtual data room documents referred to in Plaintiffs' Motion. Surpique has preserved those documents for production if necessary.

13. A litigation hold is in place for many scores of Farfetch custodians.

Dated: May 22, 2025

> */s/ Joshua Greenblatt, P.C.*
> Joshua Greenblatt, P.C.
> KIRKLAND & ELLIS LLP
> 601 Lexington Ave
> New York, NY 10022
> Telephone: (212) 446-4800
> Email: josh.greenblatt@kirkland.com

3